FILED
JUN 1 1 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

Maurice Ceasar, )
)
Plaintiff, )
)
v. ) Civil Action No. 12-0633 (UNA)
)
The Public Defender Service for D.C. *et al.*,)
)
Defendants. )
)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal when subject matter jurisdiction is found wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff commenced this action from the District of Columbia Jail, *see* Compl. Caption, but is now at the District's St. Elizabeths Hospital. *See* Dkt. Caption. Plaintiff sues the Director of the District of Columbia Public Defender Service ("PDS") and three PDS attorneys under 42 U.S.C. § 1983 and under common law for defamation and other purported torts. *See* Compl. at 1.

The complaint does not provide a basis for federal question jurisdiction because PDS and its attorneys are not state actors subject to suit under § 1983. *See Rice v. District of Columbia Public Defender Service*, 531 F. Supp. 2d 202, 203-04 (D.D.C. 2008) ("The Supreme Court instructs that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'") (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Diversity jurisdiction is wanting because the parties are not of diverse citizenship. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citations omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

                                                /s/
                                           United States District Judge

Date: June 6, 2012